No. 85-06

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

IN RE THE MARRIAGE OF

LYNDA SUE BROWN,

       Petitioner and Appellant,

   and

DAVID WAYNE BROWN,

       Respondent and Respondent.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin,
              The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        McKinley Anderson, Bozeman, Montana

    For Respondent:

        Ronald A. Saper, Phoenix, Arizona

---

Submitted on Brief:  June 13, 1985

Decided:  September 10, 1985

Filed: SEP 10 1985

Ethel M. Harrison

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The petitioner appeals from an order of the District Court of the Eighteenth Judicial District, Gallatin County, staying all proceedings in Montana and deferring to Arizona's jurisdiction with regard to the custody of minor children. We affirm.

David Wayne Brown, respondent, and Lynda Sue Brown, petitioner were married on February 27, 1982 in Utah. They had two children before separating early in 1984. At the time of the separation they resided in Arizona. However, the petitioner left Arizona and came to Montana with the youngest child sometime in early 1984. Apparently, on July 14, 1984, although the date is in question, she returned to Arizona in order to bring the older child back with her to Montana. The respondent alleges petitioner accomplished this by entering his residence with three unknown males who assaulted him while she removed the child. During a telephone conference on the question of jurisdiction, counsel for petitioner stated to the court that petitioner resided in Arizona from about October 1982 through June 1984.

On July 13, 1984, the respondent petitioned the Superior Court of Arizona for a dissolution of the marriage between himself and the petitioner. Service was initially accomplished through publication and on September 14, 1984, by registered mail. The respondent also petitioned the Arizona court for temporary custody of the children and for child support from the petitioner. Although she received notice on August 9, 1984 of a show cause hearing in Arizona on an order for temporary custody and support, the petitioner did not appear or respond. The Arizona court, after the

hearing on August 13, 1984, awarded temporary custody of the children to the respondent.

The petitioner filed for a legal separation from respondent in Montana on July 20, 1984. She requested, and was granted, temporary custody of the children by the Montana court that same day pending a hearing.

The respondent moved to dismiss the Montana court's temporary order on October 18, 1984 on the grounds that Arizona had jurisdiction because the family had resided in Arizona for an extended time prior to the filing of the action and because the children were forcibly removed from Arizona. On October 26, 1984, the Montana and Arizona courts jointly ordered an oral argument on the issue of jurisdiction to take place by telephone conference on November 5, 1984. Both judges and counsel for petitioner and respondent participated in the conference.

On November 19, 1984, the judges signed a joint order conferring jurisdiction of the custody issue in Arizona; staying proceedings in Montana; setting a hearing for December 27, 1984 on the issue of custody and support before an Arizona domestic relations judge; ordering the petitioner to be personally present at the hearing; and ordering the minor children to be present in Arizona on or prior to the hearing date.

Petitioner appeals this order and raises the following issues:

(1) Should Montana take jurisdiction to determine the custody and support of the minor children?

(2) Was the District Court required to appoint counsel for the minor children?

3

(3) Were the petitioner or the minor children denied due process or any other constitutional rights?

(4) Was the petitioner entitled to an evidentiary hearing in Montana?

The Uniform Child Custody Jurisdiction Act (UCCJA) addresses jurisdiction in custody cases where more than one state has an interest in the litigation. According to § 40-7-104, MCA, we look to the provisions of § 40-4-211, MCA, to determine whether a state has a sufficient interest to take jurisdiction.

(1) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(a) this state:

(i) is the home state of the child at the time of commencement of the proceedings; or

(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason and a parent or person acting as parent continues to live in this state; or

(b) it is in the best interest of the child that a court of this state assume jurisdiction because:

(i) the child and his parents or the child and at least one contestant have a significant connection with this state; and

(ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(c) the child is physically present in this state and:

(i) has been abandoned; or

4

(ii) it is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

(d) (i) no other state has jurisdiction under prerequisites substantially in accordance with subsections (1)(a), (1)(b), or (1)(c) of this section . . .

In the case at bar, Montana is not the home state of the children and was not their home state within the prior six months. Both parties recognize that the family resided in Arizona from 1982 until June 1984. Thus Montana cannot assume jurisdiction under (1)(a) of § 40-4-211, MCA. Further, neither child has any significant past connection with this state. They never resided in Montana prior to their mother's return in June or July 1984. While some evidence about the children's current and possible future care is in Montana, any evidence regarding their prior care, protection, training, and personal relationships would be in their resident state, Arizona, rather than Montana. Thus, Montana cannot assume jurisdiction under (1)(b) of § 40-4-211, MCA. (1)(c) requires the child's physical presence and either abandonment or the necessity of emergency protection. Petitioner does not suggest abandonment and alleges no emergency situation that would require Montana's jurisdiction rather than Arizona's jurisdiction. Finally, Arizona was the children's residence and home state and could and did take jurisdiction under subsection (1)(a), thus subsection (1)(d) provides no authority for Montana to assume jurisdiction.

Even assuming Montana has the authority under this section to hear this custody battle, several provisions of UCCJA would confer jurisdiction in the Arizona court. Section 40-7-107(1), MCA provides:

5

> A court of this state may not exercise
> its jurisdiction under this chapter if at
> the time of filing the petition a
> proceeding concerning the custody of the
> child was pending in a court of another
> state exercising jurisdiction
> substantially in conformity with this
> chapter unless the proceeding is stayed
> by the court of the other state because
> this state is a more appropriate forum or
> for other reasons.

Here, the proceedings in Arizona, the state of residence, were filed prior to those in Montana and Arizona had not stayed its proceedings. Thus, under this section the Montana court properly declined to exercise its jurisdiction.

Section 40-7-108, MCA permits a court to decline to exercise jurisdiction if it finds that another state is a more appropriate forum. The factors that may be considered include which state is or recently was the child's home state and the availability of evidence in the other state. The District Court's decision to stay proceedings would have been proper under this statute as well. We hold that the District Court correctly stayed Montana proceedings and correctly ordered, in conjunction with the Arizona court, that jurisdiction rests in Arizona.

Section 40-4-205, MCA states:

> [T]he court may appoint an attorney to
> represent the interests of a minor
> dependent child with respect to his
> support, custody, and visitation . . .

The sole concern of the court below was whether jurisdiction to determine those issues should be in Montana or Arizona. Section 40-4-205, MCA applies to the substantive issues, not to the question of jurisdiction. The District Court committed no error in not appointing an attorney for the children.

6

In the third issue, petitioner contends that she and her children were denied due process, equal protection, and a speedy remedy when the District Court stayed Montana's proceedings, leaving Arizona's court system as the only forum for her claims. She supports these contentions by directing our attention to the lack of testimony, cross-examination and proper hearing in Arizona. Petitioner's action in failing to appear after notice was the reason for the lack of testimony and cross-examination. The Arizona forum remains open to her and, if respondent fails to proceed, then the door to Montana's court system will open. We find these contentions without merit.

Finally, petitioner argues that UCCJA conflicts with the "best interests of the child" test enunciated in § 40-4-212, MCA and that the telephone conference regarding jurisdiction was not adequate as an evidentiary hearing. There is no conflict between the rules for determining jurisdiction when two states have an interest in a custody matter and the rules for determining custody. One is a procedural determination as to the proper forum, made prior to any substantive inquiry, and the other is the application of substantive rules. The telephone conference addressed only the procedural issue, thus evidence concerning the parental abilities of the parties or alleged misconduct of either would have been unnecessary and inappropriate. We hold that no evidentiary hearing was required under these circumstances.

The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8